IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-14-259-D |
| ) | |
| RANDY B. MATTHEWS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion for Separate Trial on Counts 1-3 and Counts 4-5 [Doc. No. 12], filed pursuant to Fed. R. Crim. P. 8 and 14. Defendant seeks relief from an allegedly improper joinder of unrelated charges of wire fraud and bankruptcy fraud and, alternatively, seeks a discretionary severance due to prejudicial joinder. During the pendency of the Motion, the grand jury issued a Superseding Indictment that merged the bankruptcy fraud allegations into a single count – Counts 4 and 5 of the Indictment now appear as Count 4 of the Superseding Indictment. Also, Defendant changed counsel and his new attorneys have filed a supplemental brief, to which the government has responded. The Motion is fully briefed and at issue.[1]

Counts 1, 2 and 3 of the Superseding Indictment charge Defendant with three wire fraud offenses in violation of 18 U.S.C. § 1343. The grand jury alleges Defendant executed

---

[1] In the supplemental brief, Defendant's substitute counsel cites Fed. R. Crim. P. 12(b)(3) and includes a heading in the brief, "Defect in the Superseding Indictment." *See* Def.'s Suppl. Br. [Doc. No. 44], p.2. However, the only defect identified is the alleged improper joinder.

a scheme to defraud ER Well Service by agreeing to sell certain oilfield equipment and then falsely representing his ability to deliver it. At the time of the agreement, Defendant did not own the equipment but had arranged to purchase it from a company owned by his brother. Defendant allegedly cancelled the transaction with his brother's company and obtained a refund, but continued to represent to ER Well Service that he could complete the sale. Count 1 concerns an interstate wire transmission of funds on July 17, 2012, from ER Well Service to a bank account of Defendant's business for the purchase of the equipment. Counts 2 and 3 concern interstate wire communications from Defendant to ER Well Service on July 26, 2012, and August 27, 2012, allegedly misrepresenting the location and status of the equipment.

Count 4 of the Superseding Indictment charges Defendant with a bankruptcy fraud offense in violation of 18 U.S.C. § 152(3). The grand jury alleges Defendant commenced a Chapter 7 bankruptcy case on January 14, 2013, by filing papers signed under penalty of perjury that did not accurately disclose his assets and liabilities or accurately state his financial affairs. The bankruptcy filing was allegedly preceded in September and December, 2012, and January, 2013, by various activities: selling property belonging to a family trust and personally keeping the sale proceeds; documenting a second mortgage in his brother's name for which no promissory note existed; and setting up a new business and creating a bank account that he began using to conduct his personal and business affairs. When filing his bankruptcy papers, Defendant allegedly made a materially false declaration by submitting a schedule of assets and liabilities and a statement of financial affairs that omitted his

controlling interest in the new business and its account, omitted his interest in another business and its bank account, claimed the second mortgage as a liability, omitted the preferential assignment to his brother, omitted the transfer of interest from the family trust, and omitted his ownership of certain personal property (a boat and water craft).

**A.     Improper Joinder**

Rule 8 authorizes the joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." *See* Fed. R. Crim. P. 8(a). Federal courts generally, and the Tenth Circuit particularly, "construe Rule 8(a) broadly to allow liberal joinder to enhance the efficiency of the judicial system . . . in part because the Supreme Court has long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *See United States v. Jones*, 530 F.3d 1292, 1298-99 (10th Cir. 2008) (internal quotations omitted); *see also United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995) (finding disparate drug offenses to be "of the 'same or similar character'").

Defendant contends that Counts 1-3 are not sufficiently similar to Count 4 to be joined in a single case. Defendant contends there is no connection between the alleged wire fraud and bankruptcy fraud – no common scheme, victim, time frame, or actions – and the different offenses with which he is charged are not "in any way related except that they both involve Mr. Matthews as the accused." *See* Def.'s Suppl. Br. [Doc. No. 44], p.5. Defendant cites one decision of a federal appellate court that expressed concern about joining bankruptcy fraud

3

and mail fraud charges in one indictment, although any error was harmless under the circumstances; the district judge granted a motion for acquittal on the bankruptcy charge after the government presented its case. *See United States v. Edgars*, 82 F.3d 499, 503-04 & n.4 (1st Cir. 1996).

The government has responded to the Motion by arguing that the Tenth Circuit's broad view of the "same or similar character" provision of Rule 8(a) has resulted in a finding of proper joinder of multiple fraudulent schemes in a single indictment. In *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992), mail fraud and bank fraud charges arising out of the operation of the defendant's business and utilizing falsified documents to defraud customers and a bank were found to be sufficiently similar. In *United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir. 1992), mail fraud and bank fraud charges based on "distinct criminal episodes," in which a husband and wife fraudulently obtained loans and insurance proceeds for a business and themselves, were found to be sufficiently similar to be joined; in each episode, the couple "allegedly defrauded the victim of money through the submission of falsified documents."

Here, the government argues that the wire fraud and bankruptcy fraud are similar in that Defendant allegedly defrauded victims – ER Well Service, the bankruptcy court, and creditors – "through false statements about operating his oilfield business." *See* Suppl. Resp. Br. [Doc. No. 46], p.4. The government also asserts there will be overlapping evidence – for example, testimony from Defendant's brother and office secretary – about Defendant's business dealings and accounts. *See* Resp. Br. [Doc. No. 21], p.9.

Upon consideration of the joinder issue, the Court cannot say that Counts 1-3 and Count 4 are improperly joined. The factual allegations of the Superseding Indictment detail a virtually continuous course of conduct by Defendant in which he allegedly manipulated transactions and business accounts for his personal financial benefit and misrepresented his business dealings and financial affairs. The oilfield equipment scheme is alleged to have begun in July 2012 and continued "to at least September 3, 2012." *See* Superseding Indictment [Doc. No. 40], ¶ 16. Defendant allegedly carried out the scheme by making false misrepresentations to ER Well Service and his brother's company about the transaction and his right to receive sale proceeds.

The alleged fraudulent activities underlying the charge of bankruptcy fraud also began with a sale of property in September, 2012, in which Defendant allegedly misrepresented his authority to conduct the transaction and his right to receive the sale proceeds. *Id.* ¶ 24. The alleged false documentation of a second mortgage in his brother's name occurred in "late 2012" and purportedly concerned a promissory note dated June 1, 2012. *Id.* ¶ 25. Also in December 2012, Defendant allegedly created a new business entity in the name of his cousin and office secretary. The second mortgage and the incorporation papers for the new business were filed on December 17, 2012, and December 20, 2012, respectively. Within about three weeks, Defendant allegedly caused his cousin and secretary to create a bank account for the new company, funded with money from a different business account, and began operating his oilfield equipment business through the new account. Allegedly within three days of

making the first deposit on January 11, 2013, Defendant made his bankruptcy filing utilizing papers that misrepresented his financial position and his oilfield business.

Thus, it appears to the Court that the two alleged fraud schemes are temporally related. The charges are also interconnected in subject matter, involving Defendant's operation of his oilfield business and financial affairs in a manner designed to gain personal financial benefit at the expense of his victims, ER Well service and other creditors. Under the alleged circumstances, the Court finds that the two types of fraud offenses charged in the Superseding Indictment are similar in character. Also, according to the government, the two types of offenses will involve some of the same witnesses and proof regarding Defendant's business and financial affairs. Therefore, the Court finds that Rule 8(a) permits Counts 1-3 and Count 4 to be joined in one indictment.

**B.     Discretionary Severance**

Turning to the question of a severance under Rule 14(a), it is well established that "[t]he decision whether to grant or deny severance is within the sound discretion of the trial court." *See United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995); *see also United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008). A district court may decide to order separate trials of counts "[i]f the joinder of offenses . . . appears to prejudice a defendant." *See* Fed. R. Crim. P. 14(a). "To make this showing of prejudice, the defendant must demonstrate that his 'right to a fair trial is threatened or actually deprived.'" *Olsen*, 519 F.3d at 1103 (quoting *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997)). "'Neither a mere allegation that defendant would have a better chance of acquittal in a

separate trial, nor a complaint of the "spillover effect" . . . is sufficient to warrant severance.'" *Johnson*, 130 F.3d at 1427 (quoting *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992)). Further, in deciding a motion for severance, "the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." *Janus*, 48 F.3d at 1557.

In this case, Defendant asserts that his defense of disparate fraud charges will be prejudiced by a single trial because the jury will hear evidence that would be inadmissible if the counts were tried separately, because the jury may infer guilt of one offense from a finding of guilt of a different offense, and because the jury may confuse or cumulate the evidence to find Defendant guilty of a crime when it otherwise would not so find. Specifically, Defendant argues that "evidence related to the wire fraud scheme would not be admissible in a trial of the bankruptcy fraud." *See* Def.'s Suppl. Br. [Doc. No. 44], p.7.

The government disagrees with Defendant's position regarding the admissibility of evidence, arguing that evidence of the wire fraud scheme could properly be admitted under Fed. R. Evid. 404(b) even if the charge of bankruptcy fraud were tried separately. Further, the government contends there is no reason to believe that the jury will be unable to fairly evaluate the wire fraud and bankruptcy fraud offenses, particularly if the Court expressly instructs jurors to separately consider each charge and the evidence relating to it. Finally, the government asserts that several of the same witnesses would have to testify in both trials if a severance is granted.

The Court agrees with the government that Defendant fails to articulate sufficient facts to support a showing of actual or threatened prejudice from a joint trial of the wire fraud and bankruptcy fraud charges. Regardless of who is right about the evidentiary question raised, it is not uncommon for trial evidence to be admitted for a limited purpose and any risk of prejudice to be cured by appropriate jury instructions. Defendant's remaining arguments are merely that he might have a better chance of acquittal of one or more charges in a separate trial or there may be a "spillover effect," which arguments are insufficient. Clearly, any potential prejudice to Defendant is outweighed by the added expense and inconvenience to the parties, the Court, and the public if two trials were conducted.

## Conclusion

For these reasons, the Court finds that Defendant has failed to allege a sufficient reason why a severance of the charges of wire fraud and bankruptcy fraud is required or should be granted.

IT IS THEREFORE ORDERED that Defendant's Motion for Separate Trial on Counts 1-3 and Counts 4-5 [Doc. No. 12] is DENIED.

IT IS SO ORDERED this 23rd day of March, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE